**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| E-CONTACT TECHNOLOGIES LLC,<br><br>    PLAINTIFF,<br><br>  v.<br><br>(1) ADD2NET, INC.,<br>(2) DELUXE CORPORATION,<br>(3) SOFTLAYER TECHNOLOGIES, INC.,<br>(4) LIQUID WEB, INC.,<br>(5) VERIO INC.,<br>(6) HOSTING SERVICES, INC.,<br>(7) MEDIA TEMPLE, INC.,<br>(8) WEB.COM GROUP, INC. AND<br>(9) NETWORK SOLUTIONS, LLC,<br><br>    DEFENDANTS. | CIVIL ACTION NO.: 12-cv-482<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

E-Contact Technologies LLC ("E-Contact") files this Complaint for patent infringement against Add2Net, Inc., Deluxe Corporation, SoftLayer Technologies, Inc., Liquid Web, Inc., Verio Inc., Hosting Services, Inc., Media Temple, Inc., Web.com Group, Inc., and Network Solutions, LLC (collectively, "Defendants") alleging as follows:

**PARTIES**

1.  Plaintiff E-Contact Technologies LLC is a Texas company having a principle place of business of 815 Brazos St., Ste. 500, Austin, Texas 78701.

2.  On information and belief, Defendant Add2Net, Inc., ("Add2net") is a California corporation with its principal place of business at 1360 N. Hancock St., Anaheim, California 92807.  Add2Net has appointed Jeffery A. Cohen, 2321 Rosecrans Ave., Ste. 4210, El Segundo, California 90245, as its agent for service of process.

3. On information and belief, Defendant Deluxe Corporation, ("Deluxe") is a Minnesota corporation with its principal place of business at 3680 Victoria St. N., Shoreview, Minnesota 55126. On information and belief, Deluxe may be served via officer or director at 3680 Victoria St. N., Shoreview, Minnesota 55126.

4. On information and belief, Defendant SoftLayer Technologies, Inc., ("SoftLayer") is a Delaware corporation with its principal place of business at 4849 Alpha Road, Dallas, Texas 75244. SoftLayer has appointed Capitol Corporate Services, Inc., 800 Brazos, Suite 400, Austin, Texas 78701, as its agent for service of process.

5. On information and belief, Defendant Liquid Web, Inc., ("Liquid") is a Michigan corporation with its principal place of business at 4210 S. Creyts Rd., Lansing, Michigan 48917. Liquid has appointed Gregg H. Hill, 4120 Creyts Rd., Lansing, Michigan 48917, as its agent for service of process.

6. On information and belief, Defendant Verio Inc., ("Verio") is a Delaware corporation with its principal place of business at 8300 E, Maplewood Avenue, Ste. 400, Greenwood Village, Colorado 80111. Verio has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

7. On information and belief, Defendant Hosting Services, Inc., ("Hosting Services") is a Delaware corporation with its principal place of business at 164 N. Gateway Drive, Providence, Utah 84332. Hosting Services has appointed National Corporate Research, LTD., 615 S. Dupont Hwy., Dover, Delaware 19901, as its agent for service of process.

8. On information and belief, Defendant Media Temple, Inc., ("Media Temple") is a California corporation with its principal place of business at 8520 National Blvd, Bldg. A.,

Culver City, California 90232.  Media Temple has appointed John Arthur Carey, 722 Valley Vista Dr., Camarillo, California 93010, as its agent for service of process.

9. On information and belief, Defendant Web.com Group, Inc., is a Delaware corporation with its principal place of business at 12808 Gran Bay Pkwy, West, Jacksonville, Florida 32258.  Web.com has The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington, Delaware, as its agent for service of process.

10. On information and belief, Defendant Network Solutions, LLC, is a subsidiary of Web.com Group, Inc. and a Delaware limited liability company with its principal place of business at 13861 Sunrise Valley Dr., Suite 300, Herndon, VA 20171.  Network Solutions has Corporation Service Company, 2711 Centerville Rd., Ste. 400, Wilmington, Delaware 19808, as its agent for service of process.  Hereinafter, Networking Solutions, LLC and Web.com Group, Inc. are collectively referred to as "Network Solutions."

## JURISDICTION AND VENUE

11. This action arises under the patent laws of the United States, Title 35 of the United States Code.  This court has subject matter jurisdiction pursuant to the above statutes, including 35 U.S.C. § 271, *et seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

12. Venue is proper in this district under 28 U.S.C. §§ 1391(b), (c), (d), and 1400(b). On information and belief, Defendants have transacted business in this district, and has committed acts of patent infringement in this district.

13. On information and belief, Defendants' are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to Defendants' substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other

persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

14. Joinder of the Defendants is proper pursuant to 35 U.S.C. § 299(a) at least because each Defendant's infringing products includes, complies with, and/or utilizes the Horde Email Platform software, the practice of which by each Defendant necessarily results in infringement of the patent-in-suit. In addition, questions of fact common to all of the Defendants will arise in the action at least because, upon information and belief, Defendants' infringing acts arise from their common acts of including, complying with and/or utilizing the Horde Email Platform software.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,347,579

15. Plaintiff is the owner by assignment of United States Patent No. 5,347,579 ("the '579 patent") entitled "Personal Computer Diary." The '579 patent issued on September 13, 1994. A true and correct copy of the '579 patent is attached hereto as Exhibit A.

16. The '579 patent is valid and enforceable.

17. Upon information and belief, Add2net directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale E-Mail and Web-Based Mail products and/or systems provided through its websites, including but not limited to, www.lpwebhosting.com that directly infringed one or more claims of the '579 patent, literally or under the doctrine of equivalents.

18. Upon information and belief, Deluxe directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale E-Mail and Web-Based Mail products and/or systems provided through its websites, including but not

limited to, www.aplus.net that directly infringed one or more claims of the '579 patent, literally or under the doctrine of equivalents.

19. Upon information and belief, Softlayer directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale E-Mail and Web-Based Mail products and/or systems provided through its websites, including but not limited to, www.softlayer.com that directly infringed one or more claims of the '579 patent, literally or under the doctrine of equivalents.

20. Upon information and belief, Liquid directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale E-Mail and Web-Based Mail products and/or systems provided through its websites, including but not limited to, www.liquidweb.com that directly infringed one or more claims of the '579 patent, literally or under the doctrine of equivalents.

21. Upon information and belief, Verio directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale E-Mail and Web-Based Mail products and/or systems provided through its websites, including but not limited to, www.verio.com that directly infringed one or more claims of the '579 patent, literally or under the doctrine of equivalents.

22. Upon information and belief, Hosting Services directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale E-Mail and Web-Based Mail products and/or systems provided through its websites, including but not limited to, www.midphase.com that directly infringed one or more claims of the '579 patent, literally or under the doctrine of equivalents.

23. Upon information and belief, Media Temple directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale E-Mail and Web-Based Mail products and/or systems provided through its websites, including but not limited to, www.mediatemple.net that directly infringed one or more claims of the '579 patent, literally or under the doctrine of equivalents.

24. Upon information and belief, Network Solutions directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale E-Mail and Web-Based Mail products and/or systems provided through its websites, including but not limited to, www.networksolutions.com that directly infringed one or more claims of the '579 patent, literally or under the doctrine of equivalents.

25. As a direct and proximate result of Defendants' acts of patent infringement, Plaintiff has been injured and sustained substantial damages in an amount not presently known.

### JURY DEMAND

E-Contact hereby requests a trial by jury on all issues so triable by right.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendants have infringed, directly or through intermediaries, the '579 patent;

2. A judgment and order requiring Defendants to pay Plaintiffs its damages, costs, expenses, and prejudgment and post-judgment interests for Defendant's infringement of the '579 patent as provided under 35 U.S.C. § 284;

3. A judgment in favor and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

4. Any and all other relief to which Plaintiff may show itself to be entitled.

DATED October 5, 2012.                    Respectfully submitted,

By: \s\ *Timothy T. Wang*
Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com

**Ni Law Firm, PLLC**
8140 Walnut Hill, Ste. 310
Dallas, TX 75231
Telephone: 972.331.4603
Fax: 972.314.0900

**ATTORNEYS FOR PLAINTIFF
E-CONTACT TECHNOLOGIES LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of October, 2012, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, Beaumont Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Timothy T. Wang*
Timothy T. Wang